IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JULIA LEE,<br><br>  Plaintiffs,<br><br>  v.<br><br>HORIZON WEST, INC., et al.,<br><br>  Defendants.<br>_____ / | No. C 00-2921 SBA<br><br>**ORDER**<br><br>[Docket No. 66] |

This matter comes before the Court on Defendants Horizon West, Inc. and Horizon West Healthcare, Inc. (collectively referred to as "Defendants") Motion to Lift Seal from Contents of File [Docket No. 66]. Having read and considered the papers submitted by Defendants and the Government, and being fully informed, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendants' Motion to Lift Seal from Contents of File [Docket No. 66].

**BACKGROUND**

On August 14, 2000, Plaintiff-Relator Julia Lee ("Relator") filed a *qui tam* complaint pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against defendants Horizon West, Inc., Burger Physical Therapy & Rehabilitation Agency, and Pegasus Airwave, Inc. The complaint was filed under seal, pursuant to 31 U.S.C. § 3730(b). In general, the FCA allows private citizens, known as "relators," to initiate lawsuits alleging that the United States has been defrauded in connection with certain federal activities and programs. Under the provisions of the FCA, the relator files a complaint *in camera* and under seal, and the lawsuit remains unknown to the defendant for a period of sixty days.

1  31 U.S.C. § 3730(b)(2). The statute contemplates that, during this sixty-day period, the United States
2  will commence and, if possible, complete, an investigation into the allegations of the complaint, with
3  the goal of deciding whether to intervene and prosecute the action. 31 U.S.C. §§ 3730(b)(2) and (b)(4).

4  In this case, Relator's complaint alleged that Horizon West, Inc., Burger Physical Therapy &
5  Rehabilitation Agency, and Pegasus Airwave, Inc. had, over a substantial period of time, engaged in
6  various schemes to defraud the federal Medicare program. After the filing of the initial complaint, the
7  United States began a broad investigation into Relator's claims, during the course of which it repeatedly
8  applied to this Court to extend the period of time for intervention.[1]

9  The Government's lengthy investigation ultimately resulted in its decision, on July 11, 2005, to
10  intervene. On that date, and upon the Government's request, the Court issued an order unsealing: (1)
11  the Relator's Complaint and First Amended Complaint; (2) the Notice of Election to Intervene and the
12  July 11, 2005 Order; and (3) all other matters occurring in the action after July 11, 2005. The remainder
13  of the pre-intervention filings remained under seal.

14  On October 21, 2005, the Government filed its Complaint upon Intervention, naming as
15  defendants Horizon West, Inc. and Horizon West Healthcare, Inc.

16  On December 29, 2005, Defendants filed the instant Motion to Lift Seal from Contents of File.
17  Defendants request that the Court order the Clerk to unseal all of the documents in this Court's file that
18  remain under seal pursuant to the Court's July 11, 2005 Order.

## **ANALYSIS**

20  As a preliminary matter, the Court notes that the Government does not oppose the unsealing of
21  twenty-five of the forty-four documents Defendants move to unseal. Specifically, the Government does
22  not oppose the unsealing of the following documents: Docket Numbers 2, 3, 4, 6, 8, 9, 10, 11, 12, 13,
23  17, 18, 19, 23, 24, 26, 27, 29, 32, 36, 38, 40, 42, 44, and 46. These documents consist of the following:

---

[1] The FCA expressly allows extensions upon the Government's showing of "good cause," and provides that a motion for such an extension may be supported by *in camera* submissions. 31 U.S.C. § 3730(b)(3). Accordingly, each of the Government's requests for an enlargement of time was filed under seal pursuant to 31 U.S.C. § 3730(b)(3).

2

United States District Court
For the Northern District of California

1     (1)    Proofs of service (Docket Numbers 2, 8, 18, 24, 26, 32, 36, 38, 40, 42, 44);

2     (2)    Clerk's notices and minutes (Docket Numbers 4, 9, 29);

3     (3)    Court orders that are separate from the other filings that the Government seeks to maintain under seal (Docket Numbers 3, 6, 11, 12, 13, 17, 46);

4     (4)    Attorney substitutions and a change of address notice (Docket Numbers 19, 23); and

5     (5)    Two non-substantive filings by the Government (Docket Numbers 10, 27).

Since neither party disputes that the seal should be lifted from these documents, the Court hereby GRANTS Defendants' Motion with respect to the aforementioned documents as a matter of course.

With respect to the remaining nineteen documents, which consist of the Government's numerous requests for extensions of time and the supporting declarations, the Court notes that the Government opposes Defendants' request that the seal be lifted. Accordingly, the merits of Defendants' Motion, and the Government's Opposition, are addressed below.

The parties agree that the FCA clearly contemplates the lifting of the seal on relator complaints once the Government has elected to intervene. *See* 31 U.S.C. § 3730(b)(3). However, the parties disagree as to whether the statute provides for the mandatory disclosure of all other documents filed with the Court prior to the Government's intervention. The Government's opposition to the unsealing of the record is premised on two arguments: (1) that details relating to the Government's underlying investigation should be left under seal as privileged, attorney work-product; and (2) that the documents in question should be left under seal because they contain information protected by the government's law enforcement/investigatory files privilege.

In general, other courts faced with this issue have considered lifting the seal on the entire record to be appropriate *unless* the Government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties. *See, e.g., United States ex rel. Mikes v. Straus,* 846 F. Supp. 21, 23 (S.D.N.Y. 1994); *see United States ex rel. Erickson v. University of Washington Physicians*, 339 F.Supp.2d 1124, 1126-27 (W.D. Wash.

3

2004); *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997); *U.S. ex rel McCoy v. Cal. Medical Review*, 715 F.Supp. 967 (N.D. Cal. 1989). However, if the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure. *See United States v. CACI Int'l. Inc.*, 885 F.Supp. 80, 83 (S.D.N.Y. 1995). When evaluating a motion to lift the seal, courts are also to consider the interests of the public, since court records are typically expected to be open to the public. *Costa*, 955 F.Supp. at 1190; *see also Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978); *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1293 (9th Cir. 1986).

Thus, under the applicable standard, neither the assertion of the attorney-work product privilege nor the assertion of the litigation/investigative privilege is an absolute bar to the disclosure of documents relating to past or current Government investigations. Accordingly, the remaining nineteen documents must be unsealed unless the Government can make a compelling showing that the documents contain highly specific information, which, if disclosed, would reveal confidential investigative methods, jeopardize an ongoing investigation, or pose a threat of harm to certain non-parties.

Here, the Government's bare assertion that the disclosure of its extension requests would "reveal pieces of the government's investigatory techniques, decision-making processes, research, and reasoning that apply in hundreds of similar cases" is not sufficient to meet the relevant standard. Further, the Government's argument that the disclosure of its extension requests would unfairly reveal information pertaining to "a related criminal investigation" is also unavailing. Having reviewed the documents in question, it is clear to the Court that the documents very *generally* "describe routine or general investigative procedures," such as the examination of Defendants' financial affairs, settlement discussions, the issuance of subpoenas, and the compilation of witness lists. The documents do not implicate specific people, provide substantive details of the investigation, or reveal any of the attorneys' thought processes. In light of the highly general nature of these documents, the Government's contention that the unsealing of these documents would "have a chilling effect on the future content of such requests" is not persuasive.

4

Further, in addition to the fact that the Government has not effectively shown a compelling reason for the Court to continue to keep the aforementioned documents under seal, the Court notes that the Defendants have identified their own reason why disclosure of the documents is important and necessary. In particular, the documents in question are critical to Defendant Horizon West Healthcare, Inc.'s determination of whether it has a viable statute of limitations defense.

Since it was not named as a party to this action until the Complaint upon Intervention was filed in 2005, Horizon West Healthcare, Inc. argues that the Government's numerous requests for extensions may directly bear on the issue of whether the allegations currently asserted against it are timely. Specifically, Horizon West Healthcare, Inc. contends that the documents in question may shed light on the Government's knowledge of Horizon West Healthcare, Inc.'s alleged wrongdoing and whether the Government was justified in delaying its prosecution of Horizon West Healthcare, Inc. for nearly five years. The Government provides no meaningful response to this argument. Instead, the Government merely asserts that the FCA statute of limitations was tolled when Relator filed her complaint against different defendants on August 14, 2000. However, this argument fails to address the authorities Defendants have cited, all of which support Horizon West Healthcare, Inc.'s assertion that it is at least entitled to the disclosure of all pertinent facts relating to the Government's investigation and the reasons for the Government's delay.

Since the Government has not shown a valid and supportable reason why its extension requests should remain under seal, and since Defendants have presented an important reason why disclosure of the aforementioned documents is reasonable and appropriate, the Court hereby GRANTS Defendants' Motion in its entirety.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Defendants' Motion to Lift Seal from Contents of File

///
///
///

5

[Docket No. 66] is GRANTED.  The record in the above-captioned action shall be UNSEALED IN ITS ENTIRETY.

    IT IS SO ORDERED.

Dated: 2/6/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge