MARK E. REAGAN (State Bar No. 143438)
FELICIA Y SZE (State Bar No. 233441)
**HOOPER, LUNDY & BOOKMAN, INC.**
180 Montgomery Street, Suite 1000
San Francisco, California  94104
Telephone: (415) 875-8500
Facsimile: (415) 875-8519
E-Mail:    fsze@health-law.com

Attorneys for HORIZON WEST, INC., AND HORIZON WEST HEALTHCARE, INC., formerly known as HORIZON WEST HEADQUARTERS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA,

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES ex rel. JULIA LEE, | CASE NO. C 00-2921 SBA |
| Plaintiffs, | **Stipulated Request for Conditional Dismissal and Order** |
| vs. | |
| HORIZON WEST, INC., and HORIZON WEST HEALTHCARE, INC., formerly known as HORIZON WEST HEADQUARTERS, INC., | |
| Defendants. | |

Defendants Horizon West, Inc. and Horizon West Healthcare, Inc., formerly known as Horizon West Headquarters, Inc. (collectively, "Horizon West"), Plaintiff United States, and Relator Julia Lee by and through their respective attorneys of record, hereby stipulate as follows:

WHEREAS, the parties in this case have come to a substantial agreement to a settlement of the above-captioned case; and

WHEREAS, the parties are currently in the process of finalizing the terms of the settlement agreement and obtaining the requisite approvals; and

WHEREAS, Horizon West is simultaneously negotiating a Corporate Integrity Agreement with the Department of Health and Human Services that Horizon West desires to execute simultaneously with any settlement agreement in the above-captioned action; and

1  WHEREAS Horizon West predicts that the process of negotiating and finalizing a
2  Corporate Integrity Agreement will continue until approximately August 28, 2006; and
3  WHEREAS the parties are mutually committed to resolving this matter; and
4  WHEREAS, continuing litigation in this case would likely impair the parties' attempts to
5  settle this matter; and
6  WHEREAS, the parties agree that there should be a conditional dismissal through and
7  including September 8, 2006; and
8  WHEREAS, the parties understand that a conditional dismissal would vacate the deadlines
9  currently set in this case, but prior to September 8, 2006, any party could either make a motion to
10 resume litigation or request a case management conference to re-schedule the case and this Court
11 would so grant the request to continue litigation; and
12 WHEREAS, upon either this Court's order granting a motion by any party to vacate the
13 conditional dismissal and resume litigation or this Court's order rescheduling the case following a
14 case management conference request by any party, the parties agree that all deadlines for
15 discovery and motions will reflect the existing amount of time currently available to the parties as
16 of the date that this stipulation is being filed with the Court; and
17 WHEREAS, if a conditional dismissal were entered and if the case were re-scheduled, the
18 litigation would continue as if the conditional dismissal had not been entered; and
19 WHEREAS, Horizon West agrees to waive any statute of limitations, laches, or other time-
20 related defenses based on the passage of time due to the conditional dismissal should the
21 conditional dismissal be vacated and the litigation is resumed; and
22 WHEREAS, the parties agree that if the parties have not executed a settlement agreement
23 by August 28, 2006, the parties will stipulate to request that the Court conduct a case management
24 conference to re-schedule the case in a manner that maintains the status quo of all deadlines such
25 that the deadlines reflect the existing amount of time currently available to the parties as of the
26 date this stipulation is being filed with the Court; and
27 WHEREAS, following the settlement of the action, the parties anticipate that the only
28 remaining issue, if any, will be for the Court to determine the applicable relator share percentage;

HOOPER, LUNDY & BOOKMAN, INC.
180 MONTGOMERY STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
TEL.: (415) 875-8500 • FAX: (415) 875-8519

2005205.1                                        2                                    C 00-2921 SBA
                              Stipulated Request for Conditional Dismissal

and

WHEREAS, good cause exists to grant a conditional dismissal of this case based on the parties' good faith belief that they will resolve their disputes without the need for further Court intervention, thereby eliminating the need for use of the Court's limited resources;

IT IS HEREBY STIPULATED THAT:

1. The parties hereby respectfully request that the Court enter the attached Order for Conditional Dismissal.

Respectfully submitted,

DATED: June ___, 2006        HOOPER, LUNDY & BOOKMAN, INC.


By: _____
         FELICIA Y SZE
Attorneys for Horizon West, Inc., and Horizon West Healthcare, Inc., formerly known as Horizon West Headquarters, Inc.

DATED: June ___, 2006        PETER D. KEISLER
                             Assistant Attorney General

                             KEVIN V. RYAN
                             United States Attorney


By: _____
         SARA WINSLOW
Assistant United States Attorney


By: _____
         MICHAEL F. HERTZ
         POLLY A. DAMMANN
         SUZETTE E. GORDON
Civil Division, Department of Justice
Attorneys for the United States

| | |
|---|---|
| 1  DATED: June ___, 2006 | WARREN LAW FIRM |
| 2 | |
| 3 | By: _____ |
| 4 | DONALD R. WARREN<br>Attorneys for Relator Julia Lee |

HOOPER, LUNDY & BOOKMAN, INC.
180 MONTGOMERY STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
TEL.: (415) 875-8500 • FAX: (415) 875-8519

**[PROPOSED] ORDER**

Pursuant to stipulation, and for good cause shown, IT IS HEREBY ORDERED that this Court shall enter a conditional dismissal through and including September 8, 2006, subject to the following:

1. Prior to the exhaustion of the conditional dismissal on September 8, 2006, any party may make a motion to resume litigation or request a case management conference to re-schedule the pending case, and this Court shall lift the conditional dismissal and litigation will resume;

2. If the conditional dismissal is lifted, the litigation would continue as if the conditional dismissal had not been entered, and all deadlines for discovery and motions will reflect the existing amount of time currently available to the parties as of the date that this stipulation is being filed with the Court;

3. Upon the exhaustion of the conditional dismissal on September 8, 2006, absent any request from any party for a case management conference to re-schedule the pending case, the conditional dismissal shall become a final dismissal. The Court shall retain jurisdiction to resolve any post-settlement motion for an award of relator share.

DATED: June _12, 2006

By: _____*Saundra B. Armstrong*_____
       The Hon. Saundra B. Armstrong